UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE RATZEL,

    Plaintiff,

 v.               Case No. 05-C-1236

JOE SIDEL,

    Defendant.

**ORDER TO COMPEL DISCOVERY**

  Plaintiff Lee Ratzel, a Chapter 980 detainee at Wisconsin Resource Center (WRC), sued defendant Joe Sidel, a patient care technician at WRC, under 42 U.S.C. § 1983. Ratzel claims Due Process and Equal Protection violations in connection with Sidel's alleged assault and battery. Having received none of the discovery materials he requested, Ratzel filed a motion to compel discovery. As set forth below, Ratzel's motion will be granted in part.

  Sidel raises several objections to Ratzel's discovery requests and to his motion to compel.[1] First, Sidel points out—and correctly so—that he was not obligated to make initial disclosures to Ratzel, given that Ratzel is a *pro se* plaintiff in the custody of the State of Wisconsin. *See* Fed. R. Civ P. 26(a)(1)(E)(iii). Second, Sidel argues that Ratzel's discovery requests are directed to non-parties. Sidel is correct that Rule 34 may be applied only to a party to an action. Insofar as Ratzel

---

[1] Sidel also objects that Ratzel's motion to compel names the wrong defendant, given that Terry Gable is named as the defendant in several paragraphs (though not in the caption) and given that discovery requests in this case were never properly presented to Gable. Ratzel concedes in his reply that he made a typographical error—Ratzel having a separate suit against Gable—and that in this motion he is not requesting the court to compel discovery of Gable. This typographical error is not relevant to my analysis, especially in light of the fact that Sidel's response indicates he is fully aware that the motion is directed at him. However, for the sake of clarity, I note that this order has no effect on any extant discovery request Ratzel has directed at Terry Gable.

wishes to compel discovery of a non-party, he must obtain a subpoena pursuant to Fed. R. Civ. P. 45.

The heart of Sidel's argument is that Ratzel's discovery requests are overly broad and that records and reports concerning the alleged shoving incident can be found in Ratzel's treatment records, to which Ratzel has access. The WRC Handbook, which is provided to all detainees, sets forth the specific procedures by which a detainee can obtain and/or review his treatment records. Sidel notes that he referred Ratzel to these records when he responded to Ratzel's discovery requests. Contrary to Sidel's suggestion, however, it is not clear that all of the discoverable information relating to this incident will be contained in Ratzel's treatment records. Ratzel alleges that a staff nurse witnessed the incident and made a written record of it. (Pl.'s Compl.¶¶ 30, 31.) The nurse's account could very well have been written only in a medical log book, and not in Ratzel's treatment record. Ratzel should therefore be given access to any eye-witness accounts of the incident that are in the possession of Sidel or other WRC employees or staff.

Ratzel has requested an award of reasonable expenses, including attorney's fees, incurred in filing his motion to compel. Fed. R. Civ. P. 37(a)(4)(A) states in part: "If the motion is granted . . . , the court shall . . . require the party or deponent whose conduct necessitated the motion of the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney fees . . . ." Ratzel's request for this award is denied for at least two reasons. First, a *pro se* litigant cannot incur expenses within the meaning of Rule 37(a)(4)(A) for the simple reason that one cannot incur expenses payable to oneself. Second, "the word 'attorney' connotes an agency relationship between two parties (client and attorney), such that fees a lawyer might charge himself are not 'attorney fees.'"

*Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1375 (Fed. Cir. 2002). Similarly, legal fees a *pro se* litigant might charge himself are not "attorney fees" within the meaning of the rule.

Ratzel has also requested sanctions against Sidel, alleging that Sidel's failure to comply with his discovery requests was in bad faith. However, I find that defendant's nondisclosure was not in bad faith, but instead was substantially justified in light of Ratzel's vague and overly broad discovery requests and in light of the fact that defendant was not obligated to make initial disclosures. Therefore, no sanctions against defendant are warranted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel discovery is **GRANTED IN PART.** To the extent any documented eye-witness accounts of the alleged incident exist, defendant is to serve plaintiff with same on or before November 1, 2006. If plaintiff seeks eye-witness accounts from non-parties, he may petition the court for a subpoena pursuant to Fed. R. Civ. P. 45(a).

Dated this   6th   day of October, 2006.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge